UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTONIO PEREZ,<br><br>   Plaintiff,<br><br>  v.<br><br>BRYAN PHI, et al.,<br><br>   Defendants. | No. 1:20-cv-01248-DAD-EPG (PC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS AND DISMISSING ACTION<br><br>(Doc. No. 13) |

  Plaintiff Antonio Perez is a state prisoner proceeding pro se and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

  On November 3, 2020, the assigned magistrate judge issued a screening order that required plaintiff to either file an amended complaint or notify the court of his intention to stand on his original complaint. (Doc. No. 10.) The screening order informed plaintiff that if he chose to stand on his original complaint, the magistrate judge would issue findings and recommendations recommending the dismissal of the action consistent with the reasoning set forth in the screening order. (*Id.* at 11.) On November 30, 2020, plaintiff filed a notice of his intent to stand on his complaint. (Doc. No. 11.)

/////

1

1         Subsequently, the assigned magistrate judge issued findings and recommendations on
2 December 1, 2020, recommending the dismissal of the action for failure to state a cognizable
3 claim. (Doc. No. 13.)  The findings and recommendations were served on plaintiff and contained
4 notice that any objections thereto were to be filed within twenty-one (21) days of the date of
5 service and captioned "Objections to Magistrate Judge's Findings and Recommendations."  (*Id.* at
6 11.)  To date, plaintiff has not filed objections to the pending finding and recommendations, and
7 the time in which to do so has now passed.  However, it appears that plaintiff included his
8 objections to the findings and recommendations in his notice of his intention to stand on his
9 complaint (Doc. No. 11.)

10        In an abundance of caution, the undersigned has reviewed plaintiff's objections included
11 in his notice to stand on his complaint.  In that notice, plaintiff asserts that he sufficiently alleged
12 in his complaint that defendants knew plaintiff "had a serious medical need but failed to address
13 that need."  (*Id.* at 1.)  He alleges, for the first time, that defendants were aware that plaintiff was
14 informed as a child that he "had something on [the] left side of [his] brain which cause[d] the
15 seizures" that he suffered as a child.  (*Id.* at 1–2.)  Even if such allegations were a sufficient basis
16 upon which to assert defendants' deliberate indifference in violation of the Eighth Amendment,
17 plaintiff instead chose to stand on the allegations of his original complaint rather than amend his
18 complaint to include these new and additional allegations.  (*Id.*)  Plaintiff's objections do not
19 persuade the undersigned that his original complaint contains sufficient factual allegations to
20 "state a claim to relief that is plausible on its face."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)
21 (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

22        In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), this court has conducted a
23 *de novo* review of the case.  Having carefully reviewed the entire file, the court concludes that the
24 magistrate judge's findings and recommendations are supported by the record and by proper
25 analysis.
26 /////
27 /////
28 /////

Accordingly,

1. The findings and recommendations issued on December 1, 2020, (Doc. No. 13), are adopted in full;
2. This action is dismissed for failure to state a claim; and
3. The Clerk of Court is directed to close the case.

IT IS SO ORDERED.

Dated: **January 12, 2021**

UNITED STATES DISTRICT JUDGE